REQUESTED BY: Dear Senator Kremer:
You have called our attention to section 45-338, R.S.Supp., 1979, which provides in part:
 "(1) Notwithstanding the provisions of any other law, the time price differential for any goods or services sold under an installment contract shall not exceed eighteen per cent per annum on that part of the unpaid principal balance not in excess of one thousand dollars, and not exceeding twelve per cent per annum on that part of the unpaid principal balance in excess of one thousand dollars, except the time price differential for installment contracts on vehicles having a gross vehicle weight of over fifteen thousand pounds or costing more than twenty thousand dollars shall not exceed sixteen per cent on the unpaid principal balance; . . ."
Your question is whether the word `vehicle' as used in that section of the statutes includes mobile homes. We conclude that it does not include mobile homes, as defined in section 60-1601.01, R.R.S. 1943, but might include some cabin trailers and self-propelled mobile homes, as defined in section 60-301, R.R.S. 1943, if they meet the weight and cost requirements of section 45-338.
In Chapter 60, Article 16 of the statutes, the Legislature classified mobile homes as motor vehicles, and taxed them as such. In Gates v. Howell, 204 Neb. 256,282 N.W.2d 22 (1979), the court declared such provisions unconstitutional, holding that mobile homes of the type involved in that litigation were not motor vehicles, despite the legislative attempt to so define them.
We recognize that section 45-338, uses the word `vehicles,' rather than the term `motor vehicles.' We do not think that has any significance, and that the court would reach the same result. Section 60-301(9), defines `vehicle' as every device in, upon or by which any person or property is or may be transported or drawn upon a public highway, excepting devices moved by human power or used exclusively upon stationary rails or tracks. In Gates v. Howell, the court stated that even single-wide mobile homes were not self-contained units, and could not be operated or used as trailers. We therefore conclude that the court would say that such mobile homes are not `vehicles' as well as not being `motor vehicles.'
Chapter 60, Article 3 makes provision for the registration of cabin trailers and self-propelled mobile homes for operation on the highways. A cabin trailer eligible for such registration is defined as not exceeding eight feet in width, or forty feet in length, or thirteen and one half feet in height. A self-propelled mobile home does not have any size limitations, but is a vehicle with motive power designed for living quarters. We have taken the position thatGates v. Howell does not apply to vehicles eligible for operation on the highways under Chapter 60, Article 3, and that they are motor vehicles.
Therefore, the vehicle exception of section 45-338
would apply to self-propelled mobile homes and cabin trailers, as defined by section 60-301, if they meet the weight and cost requirements of section 45-338. Other mobile homes, and cabin trailers exceeding the size limitations of section 60-301, are not eligible for registration for operation on the highways pursuant to Chapter 60, Article 3, and therefore are not vehicles.